CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 7 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER DEMETRIADES, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:12CV00374 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SAMUEL W. ALLISON, et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

Peter and Michelle Demetriades, proceeding pro se, filed this action on August 13, 2012 against Samuel W. Allison, Kevin Fleenor, and Joseph B. Lyle. The plaintiffs also moved to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant the plaintiffs' motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

All of the parties in the instant action are citizens of Virginia. According to the complaint, the plaintiffs reside in Rural Retreat; Samuel Allison and Kevin Fleenor reside in Bristol; and Joseph Lyle resides in Abingdon.

The action arises from foreclosure proceedings initiated against the plaintiffs' property in Bristol, which was purchased from Allison in 2003 for the principal sum of $285,001.00. To fund the purchase of the property, the plaintiffs executed a promissory note pursuant to which they agreed to make the following payments to Allison: $5,000.00 on or before May 7, 2003;

$44,001.00 on or before November 30, 2003; and $236,000.00 at 7.00% interest, to be paid in 239 monthly installments of $1,570.11, beginning on June 1, 2003.

At some point thereafter, the plaintiffs fell behind in the payments due under the promissory note. On June 29, 2010, the plaintiffs gave Samuel Allison a payment of $5,000.00 toward the arrearage and told him that an additional payment of $4,400.00 would be made on July 2, 2010, which would bring the arrearage current. On July 2, 2010, while on the way to make the balance payment, the plaintiffs received a written demand for $216,800.00, along with a notice advising them that the property would be sold at a trustee's sale on August 5, 2010. The plaintiffs contend that they never received any prior warning that their property would be foreclosed upon if payments were not brought current.

The plaintiffs allege that they filed an action in state court to stop the foreclosure sale, and that the sale was allowed to proceed pursuant to an order entered on September 15, 2010. According to the plaintiffs, Lyle, the substitute trustee, did not wait to receive the order and instead sold the property to Fleenor, the highest bidder, on August 5, 2010. The plaintiffs assert that Lyle did not have "standing" and that the foreclosure proceedings should have been initiated by Debra Brown, the trustee identified on the deed of trust. (Compl. at para 19.) The plaintiff also assert that their property "was sold way below the market value," and that "[t]he sale should have at least started at $350,000.00." (Compl. at para. 20.)

On August 16, 2010, Lyle sought to have the plaintiffs evicted. A hearing was scheduled for September 13, 2010, and the plaintiffs were ultimately given ten days to vacate the property. According to the plaintiffs, the property is now on the market for $449,000.00.

2

Based on the foregoing allegations, the plaintiffs filed the instant action against the defendants on August 13, 2012. The plaintiffs seek $412,000.00 in damages from Allison, Fleenor, and Lyle for "the faulty foreclosure and the illegal sale and purchase of [their] foreclosed property." (Compl. at para. 2.) In the first paragraph of the complaint, the plaintiffs indicate that the action is brought pursuant to Sections 3755, 3756, and 3757 of Title 12 of the United States Code, which were enacted as part of the Single Family Mortgage Foreclosure Act of 1994. See 12 U.S.C. § 3751, et seq.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

3

375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiffs' complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiffs have failed to allege any violation of federal law which might support the exercise of jurisdiction under § 1331. Although the plaintiffs cite to portions of the Single Family Mortgage Foreclosure Act, that Act applies only to mortgages that are held by the Secretary of Housing and Urban Development ("HUD") or that secure loans obligated by HUD. See 12 U.S.C. § 3751(b); see also TerMarsch v. Homeq Servicing Corp., 399 F. Supp. 2d 827, 829 (E.D. Mich. 2005). Because the plaintiffs do not allege that HUD had any involvement with their loan or the foreclosure proceedings initiated against their property, they cannot pursue a claim under the Single Family Mortgage Foreclosure Act.

In the absence of any allegations that might provide a right to relief under federal law, this court may only exercise subject matter jurisdiction over the plaintiffs' complaint if the requirements of diversity jurisdiction are satisfied. Although the amount in controversy exceeds $75,000 as required by § 1332(a), the plaintiffs are unable to establish that complete diversity of citizenship exists between the parties. To the contrary, the complaint indicates that the plaintiffs and the defendants are residents of Virginia. Accordingly, this court lacks jurisdiction to consider the plaintiffs' claims.

## Conclusion

For the reasons stated, the court will grant the plaintiffs' motion to proceed in forma pauperis. However, the court concludes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiffs.

ENTER: This 17th day of August, 2012.

*/s/ G. Jon Conrad*
Chief United States District Judge